UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| FRANCISCO M. VAZQUEZ, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-424-HAB-SLC |
| ALLEN COUNTY JAIL, et al., | |
| Defendants. | |

OPINION AND ORDER

Francisco M. Vazquez, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Vazquez alleges that, in September 2021, he was prohibited from practicing his religion and was persecuted because of his religious beliefs. ECF 1 at 2. He explains that his religious items were confiscated, and the items cannot be replaced. *Id*. Vazquez explains that he was mocked by officers on a daily basis due to his religious beliefs and the officers had inmates and nurses making fun of him too. *Id*.

Thus, according to Vazquez, his First Amendment rights have been violated and his suffering cannot be forgotten. *Id.*

Vazquez has sued the Allen County Jail and Officers Baihl, Miller, and Smith for the alleged violations. However, he may not proceed against the Allen County Jail because it is a building and not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). To the extent he has sued Officers Baihl, Miller, and Smith, other than naming them in the caption of his case, he never mentions them in the body of his complaint. Thus, he has not described how these officers were personally involved in the alleged violations. *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) (a § 1983 claim requires "personal involvement in the alleged constitutional deprivation to support a viable claim."). Therefore, he cannot proceed against these defendants.

While Vazquez's complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). When Vazquez prepares his amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Francisco M. Vazquez;

3

(2) GRANTS Francisco M. Vazquez until **March 4, 2022**, to file an amended complaint on that form; and

(3) CAUTIONS Francisco M. Vazquez that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on January 31, 2022.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT